IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEROME BARTHELL, :
:
         Petitioner :
:
VS. : CIVIL ACTION NO.: 7:10-CV-147 (HL)
:
GWEN C. PATE, Clerk of Court; :
PAUL BOWDEN, District Attorney, :
:
         Respondents : **ORDER**

Petitioner **JEROME BARTHELL**, an inmate at the Decatur County Correctional Institute in Bainbridge, Georgia, has filed a *pro se* Petition for Writ of Mandamus. Petitioner has not paid the required $350.00 filing fee. The Court, therefore, assumes that petitioner desires to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

## II. STATEMENT AND ANALYSIS OF PETITIONER'S CLAIM

In his *pro se* Petition for Writ of Mandamus, petitioner requests the Court to compel the Clerk of the of the Superior Court of Tift County and the District Attorney to "provide the petitioner with all of the information concerning [his criminal case] such as all arrest warrants."

Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. ***See Ferguson v. Alabama Crim. Justice Info. Ctr.***, 962 F. Supp. 1446 (M. D. Ala. 1997); ***Noe v. Metropolitan Atlanta Rapid Transit Auth.***, 485 F. Supp. 501 (N.D. Ga. 1980), ***aff'd***, 644 F.2d 434 (11th Cir.). Therefore, this Court has no authority to compel the Clerk of the Superior Court of Tift County or the Tift County District Attorney to provide him with documentation concerning his criminal case. Petitioner should file a mandamus action in the appropriate state court.

Petitioner's Petition for Writ of Mandamus is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 16th day of December, 2010.

/s/ Hugh Lawson
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

lnb